FILED
MAY 25 2022
SUPPRESSED
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **4:22CR00303 SEP/SRW** |
| v. ) | No. |
| ) | |
| SEDDRICK L. ORR, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

### Defendants and Their Businesses

1. Defendant SEDDRICK L. ORR was a resident of Florissant, Missouri, within the Eastern District of Missouri.

2. Fresh Cutz Lawn LC was a corporation registered with the Missouri Secretary of State on or about February 13, 2021. According to documents filed with the Missouri Secretary of State, ORR was the registered agent for Fresh Cutz Lawn.

3. Benworth Capital was a mortgage lending business, as defined in Title 18, United States Code, Section 27, and was therefore a financial institution within the meaning of Title 18, United States Code, Sections 20 and 1344.

### The Paycheck Protection Program

4. The United States Small Business Administration ("SBA") is an executive-branch

agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in economic recovery after disasters.

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), is a federal law that was enacted in or around March 2020 to provide emergency financial assistance to the millions of Americans suffering the economic impact caused by the COVID-19 pandemic. One source of relief provided for in the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through the Paycheck Protection Program ("PPP"). The purpose of loans issued under the PPP was to enable small businesses suffering from the economic downturn to continue to pay salary or wages to their employees.

6. The types of small businesses eligible for a PPP loan included individuals who operated as a sole proprietorship and did not have any employees. Such individuals were eligible to receive a maximum PPP loan of up to $20,833 to cover lost compensation or income from the sole proprietorship. To obtain a PPP loan, a qualifying individual was required to submit and sign a PPP loan application. The PPP loan application required the individual to acknowledge the program rules and make certain affirmative certifications to obtain the PPP loan. In the PPP loan application, the individual was required to certify, among other things, (a) that the small business was in operation on February 15, 2020; and (b) the annual income and expenditures for the sole proprietorship, as typically reported to the Internal Revenue Service on Form 1040, Schedule C, for a given tax year. These certifications were used to calculate the amount of money the sole proprietorship was eligible to receive under the PPP. In addition, the individual applying for a

PPP loan was required to submit documentation supporting the sole proprietorship's annual income.

7. A PPP loan application was then processed by a participating lender. If a PPP loan application was approved, the participating lender funded the loan using its own monies, which were then guaranteed by the SBA. Generally, in the event that the borrower defaulted on a PPP loan, the SBA would purchase the borrower's debt from the lending financial institution and take on the responsibility for paying back the loan.

8. PPP loan funds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities for the business. In the PPP loan application (SBA Form 2483-C), the borrower was required to certify that "[a]ll loan proceeds will be used only for business-related purposes . . . as specified in the loan application and consistent with the Paycheck Protection Program Rules." In that same application, the borrower also was required to certify that "[t]he funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rule." Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan toward payroll expenses.

## COUNT I
### Bank Fraud (18 U.S.C. § 1344)

#### The Scheme

9. Paragraphs 1 through 8 are realleged and incorporated by reference as if fully set forth herein.

10. Beginning no later than in or about April 2021, and continuing through at least in or about May 2021, in the Eastern District of Missouri and elsewhere, the defendant,

**SEDDRICK L. ORR**,

devised and intended to devise a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by or under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

11. It was part of the scheme that, on or about April 22, 2021, ORR submitted and caused to be submitted a fraudulent PPP loan application as a sole proprietor to Benworth Capital, with the intent to obtain loan proceeds from Benworth Capital. The application represented that the proprietorship was in the landscaping business.

12. It was further part of the scheme that ORR falsely represented on the PPP loan application that ORR's gross income in 2019, as reported on IRS Form 1040, Schedule C, was $97,750. In truth and fact, ORR fabricated his gross income on the PPP loan application and did not earn that amount of money in 2019.

13. It was further part of the scheme that ORR falsely claimed on the PPP loan application that his proprietorship was in operation on February 15, 2020, when, in truth and fact, ORR registered his landscaping business, Fresh Cutz Lawn, with the State of Missouri on or about February 13, 2021.

14. It was further part of the scheme that ORR falsely claimed that "[t]he funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures," when in truth and fact, ORR did not intend to spend the

loan funds on authorized expenses.

15. It was further part of the scheme that ORR submitted and caused to be submitted with the PPP loan application a fraudulent IRS Form 1040 Schedule C (Profit or Loss from Business), purporting to have been filed by ORR as a sole proprietor and reporting $97,750 in gross income in 2019. In truth and fact, the IRS Form 1040 Schedule C was falsified, and ORR never filed the form with the IRS.

16. It was further part of the scheme that as a result of ORR's false and fraudulent representations in the PPP application he had submitted to Benworth Capital, Benworth Capital approved ORR's PPP loan application.

17. It was further part of the scheme that ORR caused Benworth Capital to disburse, on or about May 6, 2021, approximately $20,364 into the Neighbors Credit Union account #xxxxxx3237 in the name of ORR.

18. It was further part of the scheme that, between approximately May 7 and May 10, 2021, ORR withdrew approximately $18,000 of the PPP loan proceeds in cash across multiple separate transactions, for the purpose of spending the PPP loan proceeds on unauthorized expenses.

19. It was further part of the scheme that ORR spent the PPP loan proceeds on unauthorized expenses.

### Execution of the Scheme

20. On or about April 22, 2021, in Florissant, Missouri, in the Eastern District of Missouri, the defendant,

**SEDDRICK L. ORR,**

executed and attempted to execute the scheme and artifice described above, to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control

of Benworth Capital, a financial institution as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that ORR submitted and caused to be submitted a fraudulent PPP loan application for approximately $20,364 to Benworth Capital, for the purpose of obtaining money, funds, credits, assets, securities, and other property owned by, and under the custody and control of Benworth Capital.

In violation of Title 18, United States Code, Section 1344.

### **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in Count I, the Defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $20,364.

2. If any of the property described above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JONATHAN A. CLOW, #68003MO
Assistant United States Attorney